REPUBLIC TRADING COMPANY

*v.*

JOHN J. HAY.

[Decided September 9th, 1919.]

The restraint contained in an order to show cause, which by its terms runs "until the further order of the court" or "until this order be discharged or made absolute," does not become ineffective unless or until there is an order made by the court to the contrary, notwithstanding the fact that the hearing on the order to show cause is informally continued after the date of its return, or is not continued at all.

On motion to punish for contempt.

This matter was referred to Merritt Lane, Esquire, advisory master, who filed the following conclusions:

"This is an application to punish defendant, Hay, for contempt. It is charged that he violated an order of this court made on July 15th, 1918, restraining and enjoining him from interfering with the collection of commissions referred to in the bill and from in any way transferring or disposing of his claim to such commissions. It is alleged that in violation of this injunctive order he did, on or about September 7th, 1918, collect the sum of $3,706.50 from the Monarch company.

"The Monarch company was mentioned in the bill and there is no doubt but that, and it is not contended otherwise, the sum referred to, $3,706.50, represented commissions, interference with the collection of which by defendant, Hay, was enjoined.

"It is contended for defendant that there does not appear from the docket of this court that the hearing on the order to show cause, which was returnable on July 30th, 1918, was regularly continued from time to time to a period subsequent to the

date of the collection. It is urged that no formal order of continuance appears on the record from July 30th, 1918, the date of the return of the order, to August 12th, 1918, the date when it is conceded that both counsel were in Jersey City, and it was consented that the case should be continued until the first motion day in Newark, and that no formal order appears continuing it from August 12th to September 3d, the first motion day in Newark after vacation. It is contended that the order to show cause fell and with it the restraint. No authority is cited for the proposition advanced, except a decision in the State of Oklahoma, which, it is claimed, bears out the insistence of counsel. That decision may rest upon peculiarities of local practice. The order here under discussion enjoined defendant until it should be discharged or made absolute. There is no contention but that by consent of counsel the hearing on the order to show cause was continued from July 30th, the date of its return, to August 12th, and from August 12th to September 3d. There is a letter in evidence from counsel for defendant to counsel for complainant suggesting that an adjournment be taken until October 8th. This letter is dated September 4th. There is a formal order of continuance from September 3d to September 17th; another from October 8th, to which date, apparently, the hearing had been adjourned in accordance with the suggestion of counsel for defendant in his letter dated September 4th, to October 22d, and another from October 22d to November 7th. On November 7th, after the argument, an order was entered reciting that the order to show cause came on regularly to be heard in the presence of counsel, and it was then ordered that the defendant be enjoined, until the further order of the court, from interfering with the collection by the complainant of commissions due to complainant from the Monarch Machine Tool Company and others. This order contained a specific injunction against defendant collecting or receiving such commissions. It is quite clear that the order to show cause never died. It was kept alive by agreement of counsel, and was finally heard by the court. It is the practice of this court in granting orders to show cause containing *ad interim* restraint to provide that

the *ad interim* restraint shall run until the further order of the court. While this order is not drawn in exactly that form, in substance, it is the same. The restraint runs until the order be discharged or made absolute. The language has been adopted to prevent just such a claim as is now made for defendant. The purpose is that if counsel omits to take, or if the court does not see fit to make, an order actually adjourning the hearing on an order to show cause (although such an adjournment may be consented to by both parties, as in this case), the restraint contained in such order will not lapse because of the lack of a formal order of continuance. To hold in accordance with the contention of defendant on this issue would, in my opinion, violate the policy of the court and destroy the very purpose for which the language has come to be used. The order means exactly what it says. The restraint continues until the order is discharged or made absolute. It was neither discharged nor made absolute until November 7th. The restraint was in full force and effect when it was violated."

*Messrs. Bilder & Bilder* and *Mr. Samuel Kaufman,* for the complainant.

*Mr. Andrew Van Blarcom,* for the defendant.

WALKER, CHANCELLOR.

An order will be made in conformity with the advice contained in the conclusions of Advisory Master Lane, which are hereby adopted as the opinion of the court.